RELIABLE PROPERTIES, INC. v. J. GRAY McALLISTER, III

No. 8525DC485

(Filed 19 November 1985)

1. **Contracts § 6.1— renovation of apartments—plaintiff unlicensed—directed verdict for defendant proper**

　　In an action arising from the termination of an agreement for plaintiff to renovate and manage defendant's apartments, the trial court correctly granted summary judgment for defendant on the issue of whether the contractor licensing requirements of G.S. 87-1 applied to plaintiff. The evidence established that the renovation included the installation of new roofing; correction of dry rot; installation of new storm doors and windows; complete renovation of all apartment interiors, including new paint, wallpaper and carpet; an agent of plaintiff hired the painter, wallpaper hanger, plumber, roofer, and storm door and window installer; plaintiff's agent purchased the paint, wall coverings, carpet, and appliances; plaintiff's agent paid all of the bills for the renovation; and the renovation clearly improved already existing buildings and constituted construction within the meaning of the statute.

2. **Evidence § 22.1— failure of agent to deliver security deposits—action by Real Estate Licensing Board admitted—no prejudicial error**

　　There was no reversible error in an action arising from the termination of plaintiff's agreement to manage defendant's apartments where the court admitted testimony about disciplinary action taken by the North Carolina Real Estate Licensing Board concerning the alleged failure of plaintiff's agent to turn security deposits over to defendant. Although a previous finding of a court may not be used as evidence of the fact found in another tribunal, both the agent and another witness testified that the security deposits were not given to defendant. G.S. 8C-1, Rule 803(22) (commentary).

APPEAL by plaintiff and defendant from *Noble, Judge.* Judgment entered 24 September 1984 in District Court, BURKE County. Heard in the Court of Appeals 6 November 1985.

This is a civil action wherein plaintiff seeks to recover $6,251.80 plus interest and costs from defendant for 1) breach of a contract to manage apartments owned by defendant and 2) a balance of $5,865.30 advanced by plaintiff to purchase supplies, equipment, and pay other costs of the renovation of the apartments.

In its first claim, plaintiff alleged that it agreed to manage the rental of defendant's apartments, that it in fact managed these apartments, and that defendant terminated the management contract without notice and without paying the management

fee. In its second claim, plaintiff alleged that it agreed to supervise the renovation of the apartments, that it advanced its own funds to cover some of the renovation costs, and that defendant did not reimburse it for these advancements.

Defendant filed an answer wherein, in reference to the first claim, he admitted that plaintiff managed his apartments and that he had terminated the management agreement without notice and without paying the management fee. In reference to the second claim, defendant admitted that plaintiff supervised the renovation of the apartments and denied that it advanced its own funds to cover renovation costs. Defendant also alleged a counterclaim seeking to recover an uncertain sum of money, representing tenant security deposits.

These issues were submitted to and answered by the jury as follows:

1. Did Dr. McAllister breach the rental management contract by terminating Reliable Properties, Inc. without giving a thirty day notice?

ANSWER: Yes.

2. If so, what amount of damages is Reliable Properties, Inc. entitled to recover for breach of the rental management contract?

ANSWER: $193.25

3. Did the plaintiff, Reliable Properties, Inc. and the defendant, Dr. McAllister enter into a contract which provided that Reliable Properties, Inc. was to receive a fee of $10,000 for renovating the set of apartments owned by Dr. McAllister?

ANSWER: Yes.

4. Did Reliable Properties, Inc. convert money of Dr. McAllister?

ANSWER: No ($10,000). Yes (Security Deposits).

5. What amount of damages, if any, is Dr. McAllister entitled to recover from Reliable Properties, Inc.?

ANSWER: $1000.00.

(Answer issue 6 only if you have answered issue 5 in some amount.)

6. What amount of damages, for services rendered or materials furnished or both, if any, is Reliable Properties, Inc. entitled to have set off against any amount owed by Reliable Properties, Inc. to Dr. McAllister?

ANSWER: $0.00.

From a judgment entered on the verdict, plaintiff and defendant appealed.

*Young, Moore, Henderson & Alvis, P.A., by Laura E. Crumpler and R. Michael Strickland, for plaintiff, appellant and appellee.*

*Thomas, Gaither, Gorham & Crone, by James M. Gaither, Jr., for defendant, appellant and appellee.*

HEDRICK, Chief Judge.

Although defendant gave notice of appeal, he did not bring forward and argue any assignments of error. Thus, defendant's appeal is abandoned.

[1] The first assignment of error brought forward and argued by plaintiff on appeal is set out in pertinent part as follows:

The trial court's granting of defendant's motion for a directed verdict on the issue of the applicability of the licensing requirements of G.S. 87-1 on the grounds that the evidence presented was insufficient to support the trial court's determination that plaintiff was a general contractor, . . .

Our Courts have repeatedly held that an unlicensed contractor may not recover on a contract or in *quantum meruit. Brady v. Fulghum,* 309 N.C. 580, 308 S.E. 2d 327 (1983); *Builders Supply v. Midyette,* 274 N.C. 264, 162 S.E. 2d 507 (1968). The purpose of the North Carolina licensing statute, G.S. 87-10, is to guarantee "skill, training, and ability to accomplish such construction in a safe and workmanlike fashion." *Brady,* 309 N.C. at 584, 308 S.E. 2d at 330

(citation omitted). For the purposes of the licensing requirement, "general contractor" is defined as follows:

> any person or firm or corporation who for a fixed price, commission, fee or wage, undertakes to bid upon or to construct or who undertakes to superintend or manage, on his own behalf or for any person, firm or corporation that is not licensed as a general contractor pursuant to this Article, the construction of any building, highway, public utilities, grading or any improvement or structure where the cost of the undertaking is thirty thousand dollars ($30,000) or more . . . .

G.S. 87-1. A contractor engages in construction when he undertakes to build an entire building or improve an already existing building. *Duke University v. American Arbitration Assoc.,* 64 N.C. App. 75, 306 S.E. 2d 584, *disc. review denied,* 309 N.C. 819, 310 S.E. 2d 349 (1983); *Vogel v. Supply Co. and Supply Co. v. Developers, Inc.,* 277 N.C. 119, 177 S.E. 2d 273 (1970).

In the present case, plaintiff argues that it was not a general contractor within the meaning of G.S. 87-1. We disagree. The evidence offered at trial established that the renovation included the installation of new roofing, correction of dry rot, installation of new storm doors and windows, and the complete renovation of all apartment interiors; including new paint, wallpaper and carpet. An agent of plaintiff, as supervisor of the renovation, hired the painter and wallpaper hanger, the landscaper, the plumber, the roofer, and the installer of storm doors and windows. She purchased the paint, wall coverings, carpet and appliances, and paid all of the bills for the renovation. Clearly, the renovation improved already existing buildings and constituted construction within the meaning of the statute. The plaintiff undertook to "superintend or manage" this construction without complying with the licensing requirements of G.S. 87-10. Thus, plaintiff was not entitled to recover from defendant on the contract or in *quantum meruit.*

We hold the trial court did not err in granting defendant's motion for a directed verdict with respect to plaintiff's first claim for relief.

[2] The second assignment of error argued on appeal concerns the admission of testimony about an investigation and disciplinary

action taken by the North Carolina Real Estate Licensing Board concerning the alleged failure of plaintiff's agent, Connie Ward, to turn certain tenant security deposits over to defendant. North Carolina law has long prohibited the use of a previous finding of a court as evidence of the fact found in another tribunal. *Masters v. Dunstan*, 256 N.C. 520, 124 S.E. 2d 574 (1962). This practice remains the same under the new evidence code. G.S. 8C-1, Rule 803 (22) (commentary). In this case, however, the admission of this evidence was not prejudicial to the interests of plaintiff, because Connie Ward and another witness testified that she did not give the security deposits to defendant. Under these circumstances, the admission of testimony about the actions of the licensing board does not constitute reversible error.

The third and fourth assignments of error argued by plaintiff concern evidence in support of defendant's counterclaim of negligence. Since the trial court granted the plaintiff's motion for directed verdict on the negligence claim, these assignments of error do not warrant discussion on this appeal.

No error.

Judges WELLS and EAGLES concur.