STATE OF NORTH CAROLINA v. CALVIN ANDERSON

No. 873SC612

(Filed 2 February 1988)

**1. Criminal Law § 89.6— misuse of county property—decision of appeals referee on unemployment benefits—not admissible**

   The trial court did not err in an action in which defendant was convicted of misuse of county property by refusing to admit evidence of the decision of an appeals referee of the North Carolina Employment Security Commission determining eligibility for unemployment benefits. The evidence defendant sought to have admitted was not relevant for impeachment but was simply offered to show that defendant did not intend any wrongdoing.

**2. Public Officers § 11; Criminal Law § 2— misuse of county property—criminal intent not required**

   The trial court did not err by denying defendant's motion to dismiss a charge of using tires and rims purchased by the county on his private vehicle in violation of N.C.G.S. § 14-248 (1986) where there was uncontroverted evidence that defendant used tires and rims purchased by the county upon his personal vehicle while an employee of Craven County. The statute under which defendant was convicted contains no language setting forth any specific level of intent as an element of the crime; moreover, instructions which required only an intent to do the act without criminal intent were correct.

APPEAL by defendant from *George M. Fountain, Judge.* Judgment entered 12 February 1987 in Superior Court, CRAVEN County. Heard in the Court of Appeals 9 December 1987.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Norma S. Harrell for the State.*

*David P. Voerman, P.A., by David P. Voerman for defendant-appellant.*

BECTON, Judge.

Defendant, Calvin Anderson, was indicted for two counts of embezzlement of county property by an employee and one count of using tires and rims purchased by the county on his private vehicle in violation of N.C. Gen. Stat. Sec. 14-248 (1986). A jury acquitted him of the embezzlement charges but found defendant guilty of the misdemeanor misuse of county property offense. Defendant was sentenced to thirty days, suspended for two years, was fined $50.00, and was ordered to pay court costs of $245.00. From that judgment, defendant appeals. We find no error.

I

The following relevant facts are undisputed. Defendant was employed from July 1981 until May 1986 by Craven County as the supervisor of the county garage, where he supervised the work of three other employees in repairing and maintaining county vehicles. Among other duties, defendant was responsible for maintenance of Craven County Sheriff Department automobiles, and preparation of replaced vehicles for resale at auction.

Defendant's only instructions for preparing vehicles for auction was to make them look as good as possible. He was given no specific guidelines, procedures, or directives governing how to do so, or governing the replacement and disposal of parts and accessories from cars brought to the garage. The State introduced in evidence an employee handbook which stated that an employee could be dismissed, suspended, or demoted for personal misconduct, including "misuse of county property," but which did not define that term.

New tires for Sheriff Department vehicles were supplied and installed by a private business, Hutchinson Tire Company, under

contract with the county. At some point, it came to defendant's attention that the used tires were being kept and used or sold by Hutchinson Tire employees. Thereafter, upon defendant's suggestion, some of the Sheriff's deputies began bringing their used tires to the county garage where the tires were used on county vehicles being prepared for auction or were given to county employees for their own personal use or resale.

Robert Allen, Director of the Department of Operational Services for Craven County and defendant's immediate supervisor, testified that there was no policy or authorization from him allowing defendant or other county employees to take any county property for personal use. Captain George Brown, Administrative Officer of the Sheriff's Department, testified that he became aware in 1985 that deputies were taking tires to the county garage, and that he immediately ordered that the practice stop. George Sawyer, the Assistant County Manager, also testified that he had been unaware of the practice and that the County Manager, Tyler Harris, stopped it when he found out.

The State presented evidence, and defendant admitted, that sometime in 1984, Deputy Larry Peele requested defendant to replace the blue rally rims and tires on his car with plain rims and whitewall tires so that the car would be less recognizable as a Sheriff Department vehicle. Defendant replaced the tires and rims with tires and rims from a car turned in for auction by Captain George Brown. He replaced the Brown car's tires and rims with some of his own and kept the blue rims and three of the Peele car's tires, eventually giving them away to a third party. Defendant further admitted that, on another occasion in July 1985, he placed the tires and rims from a county vehicle being prepared for auction on his own personal vehicle and replaced them with his own rims and with tires given him by another deputy. He contended that his purpose in making the swap was to make the county vehicle look better for resale. Defendant consistently contended that he did not intend to steal or misuse county property and was unaware that his actions were unlawful.

These matters were brought to the attention of a county commissioner by an ex-employee of the county garage. An investigation into the matter began in May 1986, and, as a result of his actions, defendant's employment was terminated.

II

**[1]** Defendant first assigns as error the trial court's refusal to admit in evidence the Decision of an appeals referee of the North Carolina Employment Security Commission in which defendant was determined to be eligible for unemployment benefits following the termination of his employment with Craven County. The decision included findings of fact and a memorandum of law, and concluded that the evidence failed to show defendant was discharged for "substantial fault" or "misconduct" connected with his job as those terms were defined for purposes of the Employment Security Law of North Carolina, *see* N.C. Gen. Stat. Sec. 96-14(2) and (2A) (1985).

North Carolina law prohibits the use, in another case, of the judgment or findings of a court or tribunal as evidence of the facts found unless the existence of the same issues and parties cause the principles of collateral estoppel or *res judicata* to apply. *See Brandis on North Carolina Evidence,* Section 143 (2d revised ed. 1982); *Masters v. Dunstan,* 256 N.C. 520, 526, 124 S.E. 2d 574, 578 (1962); *Reliable Properties, Inc. v. McAllister,* 77 N.C. App. 783, 787, 336 S.E. 2d 108, 110 (1985), *disc. rev. denied,* 316 N.C. 379, 342 S.E. 2d 897 (1986). Defendant contends the findings of the appeals referee should have been admitted to "impeach" the use of the Craven County Personnel Handbook against him. However, "impeachment" is an attack upon the credibility of a witness, *see McCormick on Evidence* Section 33 *et seq.* (3rd ed. 1984), and is accomplished by such methods as showing the existence of bias; a prior inconsistent statement; untruthful or dishonest character; or defective ability to observe, remember, or recount the matter about which the witness testifies. *Id.* The evidence defendant sought to have admitted was not relevant to the purposes of impeachment but was simply offered to show that defendant did not intend any wrongdoing by his actions. The ruling of the appeals referee was not admissible for that purpose. This assignment of error is overruled.

III

**[2]** Defendant's remaining three assignments of error are to 1) the denial of defendant's motion to dismiss at the close of the evidence, 2) the trial court's instructions regarding the level of intent required for violation of N.C. Gen. Stat. Sec. 14-248, and 3)

the trial court's refusal to instruct the jury that a reasonable belief by defendant that he had authorization to take county property for his own use would constitute a defense to the charge. Each of these assignments of error present the same issue: What level of intent is necessary for a violation of N.C. Gen. Stat. Sec. 14-248?

Defendant contends that a violation of the statute requires an intent to do something in violation of the law. We disagree.

It is well established that the Legislature may declare the doing of an act to be a crime regardless of the intent of the person who performs the act. *See, e.g., Watson Seafood and Poultry Co. v. George W. Thomas, Inc.,* 289 N.C. 7, 13, 220 S.E. 2d 536, 541 (1975); *State v. Hales,* 256 N.C. 27, 30, 122 S.E. 2d 768, 771 (1961); *State v. Howard,* 78 N.C. App. 262, 273, 337 S.E. 2d 598, 605 (1985), *disc. rev. denied and appeal dismissed,* 316 N.C. 198, 341 S.E. 2d 581 (1986). In such cases, the performance of the act which is expressly prohibited by statute constitutes the crime, *see, e.g., Hale,* and "the knowledge or ignorance of its criminal character are immaterial circumstances on the question of guilt." *Watson Seafood* at 13, 220 S.E. 2d at 541. Such statutes "place upon the individual the burden to know whether his conduct is within the statutory prohibition." *Watson Seafood* at 15, 220 S.E. 2d at 542.

The statute under which defendant was convicted provides:

> It shall be unlawful for any officer, agent or employee to have any privately owned motor vehicle repaired at any garage belonging to the State or to any county, or any institution or agency of the State, or *to use any tires,* oils, gasoline, *or other accessories purchased by* the State, or *any county,* or any institution or agency of the State, *in or on any such private car.* N.C. Gen. Stat. Sec. 14-248 (1966) (emphasis added).

The statute contains no language setting forth any specific level of intent as an element of the crime.

There is uncontroverted evidence in the record that defendant, while an employee of Craven County, used tires and rims purchased by the county upon his personal vehicle. Because proof of the commission of the proscribed act is sufficient to support a

guilty verdict, the trial court did not err by denying defendant's motion to dismiss.

In addition, the court instructed the jury in pertinent part:

. . . The only intent . . . which is necessary to constitute guilt of this particular offense is the intent to do the thing. That is to say, if the defendant took tires that belonged to Craven County and used them on his own automobile, that would constitute guilt of the offense charged. . . . If he did that and knew that he was doing it, then it is a crime whether he knew it was criminal or not.

Based on the foregoing discussion, we conclude that this was a proper instruction on the intent required for violation of the statute. Moreover, because a lack of specific criminal intent is not a valid defense to the crime, the trial court did not err by refusing to give the additional instructions requested by defendant.

These assignments of error are overruled.

IV

In conclusion, we hold that defendant received a fair trial free of error.

No error.

Judges EAGLES and COZORT concur.