OTIS L. DAYE v. WILBERT O. ROBERTS AND ROBBIE E. ROBERTS

No. 8714SC842

(Filed 15 March 1988)

**Contracts § 6.1— improvements to house exceeding $30,000—unlicensed general contractor—no recovery**

Plaintiff was not entitled to recover for improvements made to defendants' home where the amount contracted for exceeded $30,000, and plaintiff was not a licensed contractor as required by N.C.G.S. § 87-1. Furthermore, the defense of illegality bars plaintiff's recovery on a promissory note given by defendants for the improvements. N.C.G.S. §§ 25-3-307(2) and 87-13.

APPEAL by plaintiff from *Brannon, Judge*. Judgment entered 27 April 1987 in Superior Court, DURHAM County. Heard in the Court of Appeals 3 February 1988.

In October 1985, defendants contacted plaintiff and requested him to make repairs to their home which had been damaged by

fire. Plaintiff agreed to perform the work for the amount of $32,900.00, and defendants gave him a promissory note "for work to be done to restore [their] home." Under the terms of the note, defendants agreed to: (1) pay plaintiff $10,966.66 upon "the completion of ⅓ of construction for labor and supplies to be agreed by both parties," (2) pay plaintiff $10,966.66 upon "the completion of ⅔ of the work," and (3) pay plaintiff $10,966.66 "at the completion of the work and release given by [defendants]."

In his complaint, plaintiff stated that he completed the repairs to defendants' home on approximately 17 February 1986 and had been paid $20,000.00 by defendants. Plaintiff also stated that during the course of the work, he and defendants agreed to a modification of their agreement whereby he was to perform additional work and receive an additional $1,100.00. Defendants, however, failed to make any further payment, and plaintiff filed a lien against defendants' property. Plaintiff then instituted this action to enforce the lien in order to recover $14,000.00 owed to him by defendants.

Defendants filed an answer and later filed an amended answer and counterclaim. Defendants then moved for summary judgment on plaintiff's claims and Judge Brannon granted their motion. From the judgment of the trial court, plaintiff appeals.

*Moore & Van Allen, by David E. Fox and Alesia Rae Alphin, for plaintiff appellant.*

*Randall, Yaeger, Jervis & Stout, by Robert B. Jervis, for defendant appellees.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in granting defendants' motion for summary judgment. We do not agree.

G.S. 87-1 states in pertinent part that:

[a]ny person or firm or corporation who for a fixed price, commission, fee or wage, undertakes to bid upon or to construct or who undertakes to superintend or manage, on his own behalf or for any person, firm or corporation that is not licensed as a general contractor pursuant to this Article, the construction of any building, highway, public utilities,

grading or any improvement or structure where the cost of the undertaking is thirty thousand dollars ($30,000) or more, shall be deemed to be a "general contractor" engaged in the business of general contracting in the State of North Carolina.

The term "improvement" in G.S. 87-1 connotes the performance of construction work and presupposes the prior existence of some structure to be improved. *Vogel v. Reed Supply Co.*, 277 N.C. 119, 177 S.E. 2d 273 (1970).

Plaintiff was contracted to restore defendants' home for an amount exceeding $30,000.00. The promissory note given by defendants to plaintiff specifically stated that a certain sum was to be paid upon completion of ⅓ of the *construction*. There is no doubt that plaintiff's work on defendants' home constituted an "improvement" under G.S. 87-1. Thus, plaintiff was a "general contractor" as defined by the statute and was required to be licensed by the North Carolina Licensing Board for General Contractors.

In North Carolina, an unlicensed general contractor may not recover on a contract or in *quantum meruit. Reliable Properties, Inc. v. McAllister*, 77 N.C. App. 783, 336 S.E. 2d 108 (1985), *disc. rev. denied*, 316 N.C. 379, 342 S.E. 2d 897 (1986). Since plaintiff was an unlicensed general contractor, he is not entitled to a recovery from defendants.

Plaintiff also argues that he should be allowed to enforce the promissory note made by defendants based on G.S. 25-3-307(2). G.S. 25-3-307(2) states:

When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.

In the case *sub judice*, defendants have established a defense to plaintiff's recovery on the note. G.S. 87-13 provides that:

Any person, firm, or corporation not being duly authorized who shall contract for or bid upon the construction of any of the projects or works enumerated in G.S. 87-1, without having first complied with the provisions hereof, or who shall attempt to practice general contracting in the State, . . .

shall be deemed guilty of a misdemeanor and shall for each such offense of which he is convicted be punished by a fine of not less than five hundred dollars ($500.00) or imprisonment of three months, or both . . . in the discretion of the court.

Since plaintiff was not licensed and performed general contracting, his actions were illegal. Accordingly, the defense of illegality bars plaintiff's recovery on the note.

Affirmed.

Judges EAGLES and COZORT concur.