LATO HOLDINGS, LLC, Plaintiff v. BANK OF NORTH CAROLINA, Defendant

No. COA09-731

(Filed 6 April 2010)

**Construction Claims—breach of contract—quantum meruit—unlicensed general contractor**

The trial court did not err in a breach of contract and *quantum meruit* case by granting defendant's motion for summary judgment and dismissing plaintiff's complaint with prejudice. Plaintiff cannot recover any damages for the "grading" work performed because it was not a licensed general contractor under N.C.G.S. § 87-1.

Appeal by plaintiff and defendant from summary judgment order entered 4 March 2009 by Judge A. Moses Massey in Superior Court, Guilford County. Heard in the Court of Appeals 5 November 2009.

*Richard M. Greene, for plaintiff-appellant.*

*Brooks Pierce McLendon Humphrey & Leonard, LLP, by Reid L. Phillips, for defendant-appellee.*

STROUD, Judge.

Plaintiff and defendant appeal a summary judgment order which granted summary judgment in favor of defendant and dismissed plaintiff's claims with prejudice. For the following reasons, we affirm.

## I. Background

On 30 May 2008, plaintiff filed a verified complaint alleging the following:

1. Plaintiff is a limited liability company duly organized under the laws of the state of North Carolina with its principal place of business in Guilford County, North Carolina.

2. The Defendant is a corporation duly organized under the laws of the state of North Carolina and doing business in Guilford County, North Carolina.

3. The real property that is the subject of this lawsuit (the "Property") is a 27.844 acre tract of land located in Guilford County and more particularly described in that certain deed of trust recorded in Book 6373, Page 0075 of the Guilford County Registry.

4. At all times relevant herein the Defendant held a first deed of trust on the Property, which deed of trust is recorded in Book 6373, Page 0075 of the Guilford County Registry (the "Deed of Trust").

5. The Deed of Trust specifically granted to Defendant the right to preserve and protect its collateral should the grantor of the Deed of Trust fail to do so.

6. This action arises out of a series of agreements entered into between Plaintiff and the Defendant, acting through its duly authorized agents and representatives, Richard Calicutt and Brent Bridges, wherein Defendant contracted with Plaintiff in July 2007 to provide and furnish various labor and services . . . . The labor and services included but was not limited to site cleanup, dirt removal and replacement, and sloping and stabilization of embankments.

7. At the time that Defendant contracted with Plaintiff for the work described above, the owner of the Property, who was also the grantor under the Deed of Trust, had: i) discontinued the construction project located on the Property; ii) left the Property in a hazardous condition and in a condition that would subject the Property to fines and penalties from the City of High Point for violating environmental rules and regulations; and iii) failed to take any steps to preserve or protect the Property.

8. At the time that Defendant contracted with Plaintiff for the work described above, the Defendant had initiated foreclosure proceedings under the terms of the Deed of Trust.

9. Plaintiff commenced the work on July 26, 2007, with the knowledge, consent and at the direction of the Defendant, and duly provided the work necessary to preserve and protect the Property and to avoid being fined by the City of High Point in accordance with its agreement with Defendant.

10. On or about August 21, 2007, Plaintiff finished all of the work required under its agreement with Defendant. After the completion of the work, Defendant has failed and continues to fail to compensate Plaintiff for the work performed.

11. The total value of the work[] performed by Plaintiff is $141,145.00.

12. Despite repeated demands, Defendant has refused and continues to refuse to pay the amounts due Plaintiff.

13. On or about October 1, 2007, Plaintiff filed a Claim of Lien (File No. 07 M 3490) with the Clerk of Court of Guilford County to secure its claim for the value of the work performed on the Property ($141,145.00) under N.C.G.S. §44A-7 *et seq.*

14. After the filing of the Claim of Lien, Defendant purchased the Property at the foreclosure sale that it had initiated pursuant to the provisions of the Deed of Trust.

Plaintiff brought causes of action for breach of contract, quantum meruit and quantum valebant, and unfair and deceptive trade practices.

On 20 August 2008, defendant answered plaintiff's complaint alleging (1) there was no contract or (2) meeting of the minds between the parties, (3) the statute of frauds bars plaintiff's claims, (4) plaintiff had not provided anything of value to defendant, (5) various denials of plaintiff's allegations, (6) the claim of lien does not provide a sufficient description, and (7) plaintiff failed to enforce its claim of lien within 180 days. On 11 December 2008, defendant filed a motion to amend its answer because (8) plaintiff "is not a licensed general contractor[.]" On 8 January 2009, defendant's motion to amend its answer was allowed.

On 12 January 2009, defendant filed a motion for summary judgment. On 4 February 2009, defendant filed an amended motion for

summary judgment, arguing defenses (1), (4), and (8) of its answer. On 13 February 2009, plaintiff voluntarily dismissed its claim for unfair and deceptive trade practices. On 4 March 2009, the trial court granted defendant's motion for summary judgment and dismissed plaintiff's complaint with prejudice because

> (a) Plaintiff has failed to show the essential elements of a contract between the parties, including definiteness and agreement by the parties to the essential terms of the alleged contract, and (b) Plaintiff has failed to show that Defendant, which did not own the subject property at the time when Plaintiff says it performed work on the property, received any benefit from Plaintiff and Plaintiff also has failed to show the reasonable value of any alleged benefit to Defendant[.]

The trial court went on to note that it was not granting summary judgment as to defense (8), but only as to (1) and (4). Therefore, the trial court granted summary judgment because it found (1) there was no contract between plaintiff and defendant and that (4) defendant did not receive a benefit and plaintiff failed to show the value of the alleged benefit. Plaintiff and defendant appeal.

## II. Defendant's Appeal

Defendant argues that because plaintiff was not a licensed general contractor pursuant to N.C. Gen. Stat. § 87-1, plaintiff cannot recover any damages for the work performed. We agree.

N.C. Gen. Stat. § 87-1 provides in pertinent part:

> For the purpose of this Article any person or firm or corporation who for a fixed price, commission, fee, or wage, undertakes to bid upon or to construct or who undertakes to superintend or manage, on his own behalf or for any person, firm, or corporation that is not licensed as a general contractor pursuant to this Article, the construction of any building, highway, public utilities, grading or any improvement or structure where the cost of the undertaking is thirty thousand dollars ($30,000) or more, or undertakes to erect a North Carolina labeled manufactured modular building meeting the North Carolina State Building Code, shall be deemed to be a 'general contractor' engaged in the business of general contracting in the State of North Carolina.

N.C. Gen. Stat. § 87-1 (2007). "[A]n unlicensed contractor may not recover on a contract or in *quantum meruit*." *Reliable Properties, Inc. v. McAllister*, 77 N.C. App. 783, 785, 336 S.E.2d 108, 110

(1985) (citations omitted), *disc. review denied*, 316 N.C. 379, 342 S.E.2d 897 (1986).

Plaintiff contends "that factual issues existed as to whether Plaintiff's undertaking came with[in] the provisions of N.C. Gen. Stat. § 87-1." Plaintiff argues that the work it performed did not fall under N.C. Gen. Stat. § 87-1. Specifically as to "grading" as used in N.C. Gen. Stat. § 87-1, plaintiff claims

> [t]he work performed by Plaintiff in the case at bar is not 'grading' because it was not performed as part of building and construction, but was performed to stabilize a temporary and poorly placed pile of dirt, to limit and reduce erosion problems caused by the pile of dirt and later to remove the pile of dirt from the property.

Plaintiff directs our attention to *Spivey and Self v. Highview Farms*, 110 N.C. App. 719, 431 S.E.2d 535, *disc. review denied*, 334 N.C. 623, 435 S.E.2d 342 (1993).

In *Spivey and Self*, the plaintiff and defendants had a contract for the plaintiff to construct a golf course on land owned by defendants. *See id.* at 722, 431 S.E.2d at 536. The plaintiff began work on the golf course but later left the job and filed a complaint against the defendants, alleging that the defendants had failed to pay in a timely manner under the contract and seeking $226,000 in damages. *See id.* The defendants brought a counterclaim against the plaintiff, seeking damages in the amount of $340,000 "alleging that [the] plaintiff's failure to continue work had prevented it from completing the course prior to the 1991 growing season." *Id.* at 723, 431 S.E.2d at 537. During trial, the defendants' motion for directed verdict, which was partly based upon the defendants' contention that the "plaintiff was not entitled to recover because it was not a licensed general contractor[,]" was denied by the trial court. *Id.* On appeal, the defendants argued "that they were entitled to a directed verdict on plaintiff's claims on the ground that plaintiff did not have a license as required by N.C.G.S. § 87-1 and N.C.G.S. § 87-10, and was thus precluded from recovery." *Id.* at 725, 431 S.E.2d at 538. This Court stated that

> [i]n *C.C. Walker Grading & Hauling, Inc. v. S.R.F. Management Corp.*, our Supreme Court held that if "grading" is an integral part of work properly termed "building and construction," a license is required to perform the grading work. Assuming, therefore, without deciding, that construction of a golf course is "building and construction" as contemplated by *Walker*,

because the grading was an integral part of the golf course construction plaintiff was required to have a general contractor's license if the cost of the grading work was $45,000.00 [now $30,000.00] or more.

In this case, there is no evidence as to what portion of the $1,100,000.00 contract was for the grading of the project, and to assign any value would require raw speculation. Because the record does not reflect that the grading had a cost of at least $45,000.00, the trial court correctly determined that plaintiff did not violate N.C.G.S. § 87-1 and was not therefore precluded from suing defendants.

*Id.* at 726, 431 S.E.2d at 539 (citations, quotation marks, and ellipses omitted). "Grading," as used in N.C. Gen. Stat. § 87-1, "connotes an activity which is a part of, or *preparatory for, work properly termed 'building and construction.'* " *Walker Grading & Hauling v. S.R.F. Mgmt. Corp.*, 311 N.C. 170, 180, 316 S.E.2d 298, 304 (1984) (emphasis added). The definition of "grading" in this context is "to level off to a smooth horizontal or sloping surface[.]" Merriam-Webster's Collegiate Dictionary 542 (11th ed. 2005).

Plaintiff contends that the work it performed was not "grading" within the meaning of N.C. Gen. Stat. § 87-1 because it was done only to stabilize the site, prevent erosion, and remove the dirt. Plaintiff's manager, Frank R. Lato, filed an affidavit denying that plaintiff's work should be considered "grading" because the land was not being graded to a particular elevation as dictated by construction plans. However, plaintiff's verified complaint alleged that "Defendant contracted with Plaintiff in July 2007 to provide and furnish various labor and services to . . . *prepare the Property as a site for residential construction.*" (Emphasis added.) Although Mr. Lato denied that plaintiff performed "grading," he also claimed that "[t]he mound of dirt had to be removed *before buildings could be constructed* where the mound was located" and that "[t]he mound of dirt first had to be stabilized and then the dirt removed for the Property to be developed." (Emphasis added.) Also, Mr. Lato's affidavit describes removal of dirt *to prepare* land for building construction. As noted above, "grading," as used in N.C. Gen. Stat. § 87-1, "connotes an activity which is a part of, or *preparatory for, work properly termed 'building and construction.'* " *Walker Grading & Hauling* at 180, 316 S.E.2d at 304 (emphasis added). Mr. Lato's affidavit clearly describes work which can only be denominated as "grading," which was done to prepare the land for construction of buildings. *See id.* at 180, 316 S.E.2d at 304.

Grading was clearly an integral part of the work performed as plaintiff asserts on at least three occasions that the purpose of stabilizing and removing the dirt mound was in order *to prepare* the site for construction. *See Spivey and Self* at 726, 431 S.E.2d at 539.

Plaintiff also argues that even if we conclude that the work it performed was "grading" pursuant to N.C. Gen. Stat. § 87-1 *and* we conclude that "grading" was an integral part of its work, "Defendant has offered no evidence to suggest that the cost of any grading performed by Plaintiff was $30,000 or more." However, Mr. Lato's affidavit also establishes that over $30,000.00 plaintiff claimed as damages for the project was for grading work. Mr. Lato avers that plaintiff spent $43,132.00 to rent an excavator. The affidavit states that "[i]n order for plaintiff to stabilize the mound and remove the dirt, plaintiff had to lease an excavator." The purpose of stabilizing and removing was because "[t]he mound of dirt first had to be stabilized and then the dirt removed for the Property to be developed." Thus, Mr. Lato admitted that at least $43,132.00 was attributable to grading work which was preparatory for construction, as this was the cost of rental of an excavator. Therefore, plaintiff's complaint and affidavits indicate that plaintiff performed "grading" pursuant to N.C. Gen. Stat. § 87-1; grading was an integral part of plaintiff's work; and the grading cost more than $30,000.00. Thus, plaintiff has performed the work of a general contractor for which it must be licensed in order to recover damages for breach of contract or in quantum meruit. *See* N.C. Gen. Stat. § 87-1; *Reliable Properties* at 785, 336 S.E.2d at 110. Plaintiff has admitted through Mr. Lato's deposition that it did not have a general contractor's license at the time it performed its work, so plaintiff cannot recover in quantum meruit. *See* N.C. Gen. Stat. § 87-1; *Reliable Properties* at 785, 336 S.E.2d at 110.

### III. Plaintiff's Appeal

Plaintiff's issues on appeal are based upon the trial court's order which concluded that it could not recover in quantum meruit.[1] However, we need not address plaintiff's issues as we have already concluded that because plaintiff performed the work of a general contractor without a license, it may not recover in quantum meruit. Thus, even if we were to agree with plaintiff that the trial court erred in concluding that (1) defendant did not receive a benefit and (2) plaintiff failed to offer evidence of the reasonable value of its work, plaintiff still could not recover for the reasons stated above,

---

1. Plaintiff abandoned its arguments regarding breach of contract on appeal.

KELLY v. REGENCY CTRS. CORP.

[203 N.C. App. 339 (2010)]

and thus we affirm the trial court order. *See State v. Austin*, 320 N.C. 276, 290, 357 S.E.2d 641, 650 (1987) ("A correct decision of a lower court will not be disturbed on review simply because an insufficient or superfluous reason is assigned. The question for review is whether the ruling of the trial court was correct and not whether the reason given therefor is sound or tenable." (citation omitted)), *cert. denied*, 484 U.S. 916, 98 L. Ed. 2d 224 (1987). Thus, plaintiff's arguments are without merit.

### IV. Conclusion

As we have concluded that plaintiff performed the work of a general contractor without a license, and plaintiff cannot recover in quantum meruit, we affirm the decision of the trial court.

AFFIRMED.

Judges STEPHENS and BEASLEY concur.